UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

| | |
|---|---|
| LISA SCHNEIDER,<br><br>            *Plaintiff,*<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION,<br><br>            *Defendant.* | Case No.: _____ |

## COMPLAINT

COMES NOW, Plaintiff, Lisa Schneider, by counsel, and moves this Court for judgment against Defendant, Wells Fargo Bank, National Association, on the grounds and for the reasons set forth below:

### PARTIES

1.      Plaintiff is a citizen of Fairfax County in the Commonwealth of Virginia.

2.      Defendant is a federal bank that is a citizen of South Dakota, where it maintains its principal place of business.

### JURISDICTION AND VENUE

3.      The controversy is between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars, so this Court maintains jurisdiction under to 28 U.S.C. § 1332(a).

4.      Venue is proper under 28 U.S.C. § 1391(b) because the negligent acts and omissions giving rise to this claim occurred in this judicial district.

## FACTS

### A.  Introduction.

5.     On July 1, 2019, at approximately 10:12 a.m., Lisa Schneider, Plaintiff, had just left a workout with her personal trainer and stopped at her bank to use the ATM. While standing on the sidewalk using the ATM, she was suddenly crushed between the bank wall and rear bumper of a late-model Mercedes-Benz, operated by Nicholas Flocos.

6.     The incident occurred when Flocos, while backing out of a bank parking space, inadvertently applied the accelerator instead of the brake, causing his vehicle to speed onto the sidewalk and into Lisa.

7.     There was no barrier to protect Lisa from the Flocos vehicle.

8.     Before July 1, 2019, similar incidents had occurred on other properties operated by Defendant, often resulting in serious injuries.

9.     Before July 1, 2019, Defendant knew it could maintain sidewalk ATMs and prevent injury to ATM customers from vehicle incursions by erecting a simple barrier between the sidewalk where the ATM was located and the parking lot or roadway.

10.     It was Defendant's practice to install safety bollards[1] on its properties following vehicle incursions.

---

[1]     Safety bollards are vertical posts, often fabricated from steel, that create a physical barrier between the ATM and parking lot/roadway. In response to growing concern about incidents such as this, the American Society for Safety and Materials has established standards for safety bollards in ASTM F3016.

**B.   The incident.**

11.    On July 1, 2019, Defendant owned and operated a bank located at 6844 Old Dominion Drive, McLean, Virginia 22101 (the "Bank").

12.    The following photographs show the layout and design of relevant portions of the Bank as it existed on July 1, 2019:





13.    The images in Paragraph 12 show the following relevant physical char-

acteristics:

(a)    The Bank building has an ATM built into the outside wall of the

building, known as a "through-the-wall" ATM.

(b)    A sidewalk is next to the building, running between the ATM and

the parking lot.

(c)    The parking lot has a narrow one-way driving lane and parking

spaces that require front-end parking.

4

(d)     Vehicles exiting the parking spaces must reverse towards the Bank, sidewalk, and ATM.

(e)     The location of the ATM makes ATM customers stand with their backs towards the parking lot and vehicles exiting from parking spaces.

(f)     There is no barrier between the ATM and the parking lot that will protect bank customers using the ATM from vehicles exiting the parking spaces or from other traffic.

(g)     The yellow posts depicted in the photographs were not designed to protect ATM customers.

14.     On July 1, 2019, Lisa was a customer of Defendant and lawfully on its property using its ATM.

15.     Before Lisa arrived at the ATM, another Bank customer, Flocos, had parked his Mercedes-Benz in a designated Bank parking space that was angled directly towards the ATM.

16.     Due to the location of the ATM, Lisa could not see Flocos enter his parked vehicle and back towards her while attempting to exit the parking lot.

17.     When Flocos attempted stop his car to change gears from reverse to drive, he inadvertently applied the accelerator instead of the brake, which caused his vehicle to speed towards the ATM.

18.     Black box data retrieved from the Flocos vehicle indicates that it was travelling at fourteen miles per hour when it struck Lisa.

19.    Due to the positioning of the ATM in relation to the parking lot, Lisa was unable see Flocos's vehicle approaching, and she was crushed against the Bank wall and suffered serious, life-threatening, and permanent injuries that will profoundly alter her life.

20.    At the time of the incident, Flocos was eighty-nine years old.

## C. Defendant had actual knowledge that maintaining an ATM on a sidewalk adjacent to a roadway and parking lot created a hazardous condition for ATM customers.

21.    Before July 1, 2019, Defendant had actual knowledge of vehicle-incursion incidents[2] on its properties resulting in serious injuries to customers using ATMs, and it had actual knowledge that such incidents could be avoided by locating ATMs in areas inaccessible to vehicles or by installing a barrier between ATM areas and vehicle areas.

22.    Following are examples of vehicle-incursion incidents causing injury to ATM customers on Defendant's properties, which evince Defendant's knowledge of the dangerous condition created by the location of ATMs in proximity to vehicle areas like parking lots and roadways and of how to rectify the dangerous condition:

---

[2]    A "vehicle-incursion incident" is when a vehicle leaves the roadway or other designated vehicular area and strikes a building or intrudes into a pedestrian area. These incidents are frequently the result of pedal error, similar to what occurred here.

(a)   On January 15, 2009, Andrea Martinez was using a through-the-wall ATM at Defendant's bank at 1900 West 11th Street, Tracy, California, when she was injured by a vehicle that drove onto the sidewalk. After the injury, Defendant installed a barrier—more specifically, safety bollards—shown in the following image, to prevent other ATM customers from injury due to vehicular incursion:



(b)   On October 7, 2009, Kris Solomita was injured by a vehicle that intruded onto the sidewalk while she was using a through-the-wall ATM at a Wells Fargo bank located at 1 South Milpitas Boulevard, Milpitas, California. After the injury, Defendant installed safety bollards, shown in the following image, to prevent other ATM customers from being injured due to vehicular incursion:



(c)   The following individuals were also injured due to vehicle-incursion incidents while using an ATM maintained by Defendant:

   (1)   On April 9, 2005, Maria Garcia was injured while using an ATM at Defendant's bank in Pasadena, Texas.

   (2)   On March 7, 2008, Gary Parvin was injured while using an ATM at Defendant's bank in Sacramento, California.

> (3)     On March 6, 2019, Linda Cosgrove was injured while using an ATM at Defendant's bank in Sonora, California.

23.     Defendant was sued in each of the above incidents, and except Ms. Cosgrove's lawsuit (which is believed to still be pending), Defendant settled each of them.

24.     In a previous lawsuit, Defendant identified nearly 100 prior claims resulting from vehicle-incursion incidents on its properties.

25.     A Google search shows additional injuries from vehicular-incursion incidents on Defendant's properties:

> (a)     On March 10, 2009, a vehicle crashed into Defendant's bank in San Francisco, California, and injured a customer. *See* https://missionlocal.org/2009/03/car-crashes-into-wells-fargo-bank/.

> (b)     On July 6, 2009, a vehicle crashed into Defendant's bank in North Mankato, Minnesota, after the driver mistakenly hit the accelerator. *See* https://www.wkrg.com/news/mobile-county/car-crashes-into-wells-fargo-on-moffett-road/1241914303.

> (c)     On April 22, 2014, a vehicle crashed into Defendant's bank in Mechanicsville, Virginia, after a driver mistakenly hit the accelerator. *See* https://www.nbc12.com/story/25310296/car-crashes-into-bank-on-mechanicsville-turnpike/.

> (d)     On November 18, 2014, a vehicle crashed into Defendant's bank in Rialto, California, and caused debris to fall on top of a customer

and her child. *See* https://www.nbclosangeles.com/news/car-slams-through-bank-nearly-missing-mom-toddler-son/90225/.

(e)    On January 3, 2015, a vehicle crashed into Defendant's bank in Orange, Connecticut, after the driver mistakenly hit the accelerator. *See* https://www.wkrg.com/news/mobile-county/car-crashes-into-wells-fargo-on-moffett-road/1241914303.

(f)    On September 2, 2015, a vehicle crashed into Defendant's bank in Santa Ana, California, after the driver mistakenly hit the accelerator. *See* https://www.wkrg.com/news/mobile-county/car-crashes-into-wells-fargo-on-moffett-road/1241914303.

(g)    On December 8, 2015, a vehicle crashed into Defendant's bank in Virginia Beach, Virginia. *See* http://wtkr.com/2015/12/08/car-crashes-into-virginia-beach-wells-fargo/.

(h)    On August 24, 2016, a vehicle crashed into Defendant's bank in Greenville, South Carolina, after the driver mistakenly hit the accelerator. *See* https://www.wspa.com/news/woman-crashes-into-wells-fargo-bank-in-greenville-co/1018339037/.

(i)    On September 23, 2016, a vehicle crashed into Defendant's bank in Austin, Texas, and injured a customer. *See* https://www.nbclosangeles.com/news/car-slams-through-bank-nearly-missing-mom-toddler-son/90225/.

(j)     On November 17, 2017, two children were killed when a vehicle went onto the sidewalk and struck the children at Defendant's bank in Boyle Heights, California. *See* https://www.latimes.com/local/lanow/la-me-deputy-crash-kids-killed-20171117-story.html.

(k)     On February 5, 2018, two people were injured when a vehicle crashed into Defendant's bank in Woodland Hills, California. *See* https://patch.com/california/woodlandhills/car-slams-shop-topanga-canyon-woodland-hills.

(l)     On May 18, 2018, a vehicle struck a pedestrian and crashed into Defendant's bank in Modesto, California. *See* https://www.mod-bee.com/latest-news/article211376609.html.

(m)     On December 6, 2018, a vehicle crashed into Defendant's bank in Bluffton, South Carolina, after the driver mistakenly hit the accelerator. *See* https://www.islandpacket.com/news/local/crime/article222738630.html.

26.    On September 28, 2011, Debra Palmer, the former Project Management Manager in ATM Banking and the then-Director of ATM Banking Strategic Deployment for Defendant Wells Fargo, testified and stated the obvious, that "if an ATM is in the way of vehicular traffic, the ATM should be protected from that traffic."

**D. The Bank put the protection of its property above protection of its customers.**

27. The following examples illustrate that Defendant was willing to protect

its property from vehicular incursion by installing bollards:

>    (a)    Defendant's bank at 10944 Fairfax Boulevard, Fairfax, Virginia,
>
>    has bollards that are clearly intended to protect the building's pil-
>
>    lars and drive-up chutes:



(b)     Defendant's bank at 212 Maple Avenue East, Vienna, Virginia, has bollards that are clearly intended to protect the building's pillars, ATM, and drive-up chutes:



(c)     When Lisa was injured, the bank had bollards to protect the building's pillars and drive-up chutes:



28.     Despite knowing how to protect its property and equipment, Defendant failed to take similar action to protect its ATM customers from foreseeable injury or death due to vehicle-incursion incidents.

**E.  Even without actual knowledge of the hazard created by the location of its ATM, the Bank should have known of the hazardous condition.**

29.     Notwithstanding Defendant's actual knowledge of the hazard created by maintaining ATMs outside in proximity to vehicle areas like parking lots and drive-ways without barriers, Defendant should have known this created a hazardous condition on its property and that injury was foreseeable.

30.     On June 1, 2015, the National Highway Traffic Safety Administration issued a safety advisory on the dangers of "pedal error." A study commissioned by NHTSA determined that approximately 16,000 accidents per year were found to have been caused by the accidental engagement of the accelerator instead of the brake, and that "most incidents [ ] happen at very low speeds, such as when attempting to park." The study further noted that these "pedal error" accidents are four times more likely to occur to drivers under the age of twenty-five and over the age of sixty-five.

31.     On July 17, 2015, the "Claims Journal" of the insurance industry reported that analysis of the NHTSA data revealed that "roughly half of the pedal mis-application events studied occurred while drivers were either turning the vehicle or reversing."

**F.  Summary.**

32.   Despite Defendant's knowledge of the dangers posed by the design and layout of its properties, and despite knowledge of similar incidents, Defendant maintained the Bank so that it was unreasonably dangerous to ATM customers like Lisa.

33.   The design and layout of the Bank's parking lot, as maintained by Defendant, in relation to the sidewalk and ATM created a hazardous condition for ATM customers because it directed vehicles exiting the parking spaces to reverse directly toward the ATM without a barrier to stop vehicles from driving onto the sidewalk and into the ATM or ATM customers.

## NEGLIGENCE

34.   The preceding Paragraphs 1 through 33 are incorporated.

35.   Defendant owed Plaintiff the duty to use ordinary care to have its premises in a reasonably safe condition for Lisa and other similarly situated customers.

36.   Defendant breached this duty and was negligent for, among other things, maintaining the ATM in an area susceptible to vehicle-incursion incidents; maintaining the parking lot in a manner that required vehicles exiting parking spaces to reverse directly towards the ATM; and failing to erect a barrier between the vehicle areas and ATM area.

37.   Defendant should have realized that if pedal error occurred when a driver was exiting towards the ATM, that ATM customers were at risk of serious personal injury or death.

38.     Defendant should have realized that by positioning ATM patrons with their back towards exiting vehicles, they were helpless to protect themselves from potential vehicle-incursion incidents.

39.     As a direct and proximate cause of Defendant's negligence, Plaintiff sustained serious, life-threatening, and permanent physical and emotional injuries, pain and suffering, and disfigurement. She has incurred, and will continue to incur, medical expenses, loss of earning capacity, severe bodily injury, and other damages recoverable at law.

## PUNITIVE DAMAGES

40.     The preceding Paragraphs 1 through 39 are incorporated.

41.     Before July 1, 2019, Defendant had actual knowledge that maintaining vehicle areas near ATMs without barriers exposed ATM customers to serious personal injury or death.

42.     Before July 1, 2019, Defendant had actual knowledge that the parking spaces located on its property directed exiting vehicles toward unaware ATM customers.

43.     Notwithstanding this knowledge, Defendant made a conscious choice to maintain the ATM at the Bank on an outer wall directly across from parking spaces that forced exiting vehicles to reverse towards the ATM, where customers stood with their backs to the parking spaces. Defendant maintained this layout without a barrier, which it knew would protect its ATM patrons from injury or death due to vehicle incursion.

44.     Defendant's acts and omissions constituted a willful and wanton disregard of the rights and safety of Plaintiff, resulting in her serious, permanent injuries. Plaintiff is entitled to punitive damages.

### JURY REQUEST

45.     Plaintiff hereby requests a trial by jury on all issues.

### PRAYER FOR RELIEF

Plaintiff, Lisa Schneider, moves this Court for judgment against Defendant, Wells Fargo Bank, National Association, in the amount of twenty million dollars ($20,000,000.00) in compensatory damages and ten million dollars ($10,000,000.00) in punitive damages, with prejudgment interest from the date of injury forward, costs incurred, and any other relief this Court deems just.

LISA SCHNEIDER
By Counsel

FREI, MIMS & PERUSHEK, L.L.P.

_____/s/_____
Gary B. Mims, Esq. (VSB No. 19184)
Matthew C. Perushek, Esq. (VSB No. 84308)
3925 Chain Bridge Road, Suite 402
Fairfax, VA 22030
(703) 925-0500
(703) 925-0501 (fax)
gary.mims@freimims.com
matt.perushek@freimims.com
*Counsel for Plaintiff*